1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10    MEGHAN McCLENDON, individually and
on behalf of all others similarly situated,

Case No. 3:24-cv-05048

11                     Plaintiff,

(Pierce County Case No. 23-2-11842-7)

12    v.

NOTICE OF REMOVAL

13    VIRGINIA MASON FRANCISCAN
HEALTH,

14

15                     Defendant.

16

17        Pursuant to 28 U.S.C. §§ 1332 and 1441(a), Defendant Virginia Mason Franciscan Health

18    ("Defendant") removes this action from the Pierce County Superior Court of Washington to the

19    U.S. District Court for the Western District of Washington, Tacoma Division. The grounds for

20    removal follow.

21                          I.  **NATURE AND DESCRIPTION OF CASE**

22        A.    **The Pending MDL Proceeding Arises From The MoveIt Incident**

23        1.        In late May 2023, Progress Software Company ("PSC") discovered that an

24    unauthorized threat actor exploited a previously unknown vulnerability in its file transfer

25    software, MOVEit (the "MOVEit incident"). As a result, the threat actor was able to access data

26    from government, public, and private organizations worldwide. Within days of the MOVEit

27    incident being announced, class action lawsuits began to be filed all over the country. Those suits

NOTICE OF REMOVAL - 1

named—in various combinations—not just PSC, who owned and sold the software, but any identifiable downstream entity, including Defendant. Consequently, to date, suits have been brought against over 60 defendants. There are well over 200 cases in federal court.

2.    On July 6, 2023, an application was filed with the United States Judicial Panel on Multidistrict Litigation ("JPML") to consolidate numerous federal court actions against Progress Software arising out of the same MOVEit incident at issue in the Complaint. *See In re: MOVEit Customer Data Security Breach Litigation*, MDL No. 3083, Dkt. No. 1 (J.P.M.L.).

3.    On October 4, 2023, the JPML issued a transfer order centralizing federal actions involving the MOVEit incident in the District of Massachusetts (the "MDL"), before the Honorable Allison Burroughs. *Id.* at Dkt. No. 312. Judge Burroughs has since held hearings, issued multiple orders, and is in the process of selecting plaintiff leadership and setting a case management schedule that includes carefully established deadlines for discovery, motion practice, and other matters.

**B.    The Present Case Arises From The MoveIt Incident**

4.    On December 12, 2023, Plaintiff Meghan McClendon ("Plaintiff") filed a Class Action Complaint against Defendant arising from the MOVEit incident. *See* Ex. C. Plaintiff alleges eight causes of action, including a negligence and negligence per se claim, arising from the MOVEit incident. *Id.*

5.    On December 14, 2023, Defendant was served with the Summons and Complaint. As required by Local Civil Rule 101(b), a true and correct copy of Plaintiff's Summons and Complaint are attached as Exhibits C and D, respectively.

6.    In the present case, Plaintiff has sought to carve out a small subset of the putative class members already before Judge Burroughs in the MDL proceeding in the District of Massachusetts. The objective behind this filing is to evade federal jurisdiction under the Class Action Fairness Act (CAFA), and thus avoid inclusion in the MDL.

7.    Although the MDL proceeding spans thousands of putative class members in different jurisdictions around the country, Plaintiff seeks to represent a class consisting only of

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

1   "individuals residing in Washington whose Personal Information was compromised in the Data

2   Breach discovered by Virginia Mason Franciscan Health on or about July 26, 2023." Ex. C ¶ 80.

3   Plaintiff purports to assert various claims under common law and the Washington consumer and

4   personal information protection statutes.

5       8.    On December 28, 2023, the parties filed a joint motion to stay proceedings in the

6   trial court pending further guidance and coordination from Judge Burroughs in the MDL.

7       9.    On January 2, 2024, the trial court entered an order staying all proceedings in the

8   trial court action for a period of three (3) months.

9       10.   All records and proceedings in the state court are attached hereto as Exhibits A–L.

10  To the best of Defendant's knowledge and belief, no further pleadings, process, orders, or other

11  documents have been filed, served, or issued in this case to date. No responsive pleading has been

12  filed by Defendant. A copy of the state court docket sheet, as of January 12, 2024, is attached

13  hereto as Exhibit L.

14      11.   As discussed in more detail below, this state court action is properly removed to

15  this Court pursuant to 28 U.S.C. § 1441, because Defendant has satisfied the procedural

16  requirements for removal.

17      12.   This case is removable pursuant to 28 U.S.C. § 1332(d)(1)(B) (Class Action

18  Fairness Act ("CAFA") jurisdiction) because there is minimal diversity of citizenship, the amount

19  in controversy exceeds $5 million, and there are over 100 proposed plaintiff class members.

20              **II.  JURISDICTION AND BASIS FOR REMOVAL**

21      **A.  Removal To This Court Is Timely And Proper.**

22      13.   Plaintiff dated her complaint December 12, 2023, and served Defendant with the

23  complaint and summons on December 14, 2023. The complaint, summons, and return of service

24  were filed on the state court docket on January 5, 2024. Defendant timely removed this action

25  within 30 days of their receipt of the complaint. 28 U.S.C. § 1446(b). *See also Murphy Bros. v.*

26  *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (noting that the time period for removal

27  begins when the defendant is served).

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

14.     No previous notice of removal of the underlying trial court matter has been filed.

15.     Defendant has filed this Notice of Removal with this Court, is contemporaneously serving a copy of this Notice of Removal upon Plaintiff, and is filing a copy of this Notice of Removal in the Pierce County Superior Court of Washington pursuant to 28 U.S.C. § 1446(d).

16.     Removal to this Court is proper under 28 U.S.C. § 1441(a) because the court from which this action was removed, Pierce County Superior Court of Washington, is within the jurisdiction of the U.S. District Court for the Western District of Washington, Tacoma Division. Thus, this Court "embrac[es] the place where such action is pending." 28 U.S.C. § 1441(a).

**B.  This Court Has Original Jurisdiction.**

17.     Plaintiff filed this case as a putative class action under Washington Civil Rule 23(a) and (b)(3), which authorizes actions brought by one or more representative persons and which is substantially similar to Rule 23 of the Federal Rules of Civil Procedure. Thus, the complaint constitutes a class action under CAFA. 28 U.S.C. § 1332(d)(1)(B).

18.     This Court has original jurisdiction over the complaint under CAFA because there is a reasonable probability that this action: (i) involves a minimal diversity of citizenship among the parties; (ii) involves, in the aggregate, an amount in controversy exceeding $5 million; and (iii) includes over 100 proposed plaintiff class members. *See* 28 U.S.C. § 1332(d).

**i.  Minimal Diversity Of Citizenship Exists.**

19.     Federal courts have jurisdiction under CAFA if any putative class member is a citizen of a state different from any defendant at the time of removal. 28 U.S.C. § 1332(d)(2)(A); *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1063 (9th Cir. 2019) (CAFA jurisdiction assessed "at the time of removal"); *Bush v. Cheaptickets, Inc.,* 425 F.3d 683, 684 (9th Cir. 2005) (minimal diversity met where at least one member of the putative class is diverse from at least one defendant).

20.     Here, minimal diversity exists because the MDL putative class subsumes the named Plaintiff and putative class members in this action, as detailed below.

---

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

21.    Defendant is a nonprofit corporation organized under the laws of Washington with its principal place of business in Washington. Ex. C ¶ 19. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, Defendant is a citizen of Washington state.

22.    Plaintiff is a United States citizen who is domiciled in Washington state. For purposes of diversity jurisdiction, an individual is deemed a citizen of the state where he or she is domiciled. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State.") (citations omitted). Thus, Plaintiff is a citizen of Washington state.

23.    Although the MDL proceeding spans thousands of putative class members in different jurisdictions around the country, Plaintiff seeks to represent a class consisting only of "individuals residing in Washington whose Personal Information was compromised in the Data Breach discovered by Virginia Mason Franciscan Health on or about July 26, 2023." Ex. C ¶ 80.

24.    Plaintiff alleges Defendant is liable for a data breach arising from the MOVEIt incident, and on that basis brings claims for negligence, negligence per se, breach of implied contract, invasion of privacy, unjust enrichment, violation of Washington Consumer Protection Act, violation of Washington Data Breach Disclosure Law, and violation of Washington Uniform Health Care Information Act.

25.    Plaintiff's claims and allegations are subsumed into the existing cases subject to the MDL.

26.    For example, the plaintiffs in *Ortega et al. v. Progress Software Corporation, et al.*, (C.D. Cal. Case No. 5:23-01329) (each of whom are citizens of California) allege a data breach arising from the MOVEIt incident. The *Ortega* plaintiffs sued both PSC and an impacted entity that used PSC's MOVEIt software, just like Defendant here. And just like Plaintiff here, the *Ortega* plaintiffs bring negligence and unjust enrichment claims, and allege a putative nationwide class of

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

"[a]ll individuals in the United States whose Private Information was stored/accessible by Pension Benefit Information, LLC and compromised as a result of exploitation of Progress Software Corporation's MOVEit Transfer and MOVEit Cloud vulnerabilities."

27.    Similarly, the plaintiff in *Pipes v. Ipswitch, Inc. et al..*, (Dist. Mass. Case No. 1:23-11394) (a citizen of Louisiana) alleges a data breach arising from MOVEit incident. The *Pipes* plaintiff sued both PSC and an impacted entity that used PSC's MOVEit software, just like Defendant here. And just like Plaintiff here, the *Pipes* plaintiff brings claims of negligence and unjust enrichment, and alleges a putative nationwide class of "[a]ll natural persons who are residents of the United States whose Personal Information was compromised in the MOVEit Data Breach, including all natural persons who were sent a notice indicating that their Personal Information may have been compromised in the MOVEit Data Breach."

28.    Similarly, the plaintiff in *Bailey v. Progress Software Corporation, et al*., (D. Minn. Case No. 0:23-02028) (a citizen of California) alleges a data breach arising from MOVEit incident. The *Bailey* plaintiff sued both PSC and an impacted entity that used PSC's MOVEit software, just like Defendant here. And just like Plaintiff here, the *Bailey* plaintiff brings claims of negligence and unjust enrichment, as well as comparable claims for violations of state law consumer protection and privacy statutes, and alleges both a putative nationwide class and California subclass of "[a]ll natural persons . . . whose SPI [sensitive personal information] was compromised in the Data Breach announced by Defendants on or about June 6, 2023."

29.    Moreover, Defendant is a member of the larger Common Spirit Health system that was impacted, and which includes hospitals like CHI Health – NE, CHI Memorial – TN, CHI Memorial – GA, CHI Mercy Health, CHI St. Joseph Health, CHI St. Luke's Health Brazosport, CHI St. Luke's Health Memorial, and CHI St. Vincent ("CHI hospitals").

30.    Common Spirit Health, which has a national footprint, was impacted as a result of its relationship with Welltok, Inc. ("Welltok"). Welltok is a provider of healthcare communications software based in Denver, Colorado, and utilized PSC's MOVEit software to provide services to healthcare providers like Defendant.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

1

31.     Although plaintiffs single out one member of the Common Spirit Health system

2    (Defendant), the notice from Welltok regarding the MOVEit incident

3    (https://welltoknotice.wpenginepowered.com/?page_id=23) makes clear that Welltok's relevant

4    relationship was with Common Spirit Health—not Defendant Virginia Mason Franciscan Health

5    in particular—which operates hospitals around the country (*see* CHI hospitals listed in notice).

6

32.     Plaintiff chose to omit these material facts in her complaint. However, there are

7    already pending claims against Welltok in at least one of the cases in the MDL. *See, e.g., George,*

8    *et al. v. Progress Software Corporation, et. al.* (D. Neb. No. 8:23-cv-00568). The *George* plaintiffs

9    (both citizens on Nebraska) have brought claims against PSC, Welltok and another impacted

10   member of the Common Spirit Health system (CHI Health - NE) for negligence, negligence per

11   se, and unjust enrichment, among other claims. The *George* plaintiffs also allege a putative

12   nationwide class and Welltok subclass and CHI Subclass of "all persons whose Private

13   Information" was "accessed or acquired" as a result of the MOVEit incident. *George* was

14   conditionally transferred to the MDL on January 8, 2024. *See In re MOVEit Customer Data*

15   *Security Breach Litig.*, MDL No. 3083, Dkt. 658.

16

33.     As such, Plaintiff cannot evade federal jurisdiction in this manner. The purpose of

17   CAFA is "to mak[e] it harder for plaintiffs' counsel to 'game the system' by trying to defeat

18   diversity jurisdiction." *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 408 (6th Cir.

19   2008) (quoting S. Rep. No. 109-14, at 5 (2005)). CAFA was designed to create "efficiencies in the

20   judicial system by allowing overlapping and 'copycat' cases to be consolidated in a single federal

21   court" and to place "the determination of more interstate class action lawsuits in the proper

22   forum—the federal courts." *Id.* (quoting S. Rep. No. 109-14, at 5). As such, "CAFA's 'provisions

23   [are meant to] be read broadly, with a strong preference that interstate class actions should be heard

24   in a federal court if properly removed by any defendant.'" *Dart Cherokee Basin Operating Co.,*

25   *LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (quoting S. Rep. No. 109-14, at 43).

26

34.     Courts have relied on CAFA's broad reach to set aside artificial limitations on

27   putative classes such as the one created by counsel in this case. For example, in *Freeman*,

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

plaintiffs' counsel divided an environmental lawsuit into five state court cases—each one seeking just under $5 million in damages—in a blatant attempt to undercut CAFA's amount-in-controversy requirement. 551 F.3d at 406-07. The Sixth Circuit found "no colorable basis" for this pleading tactic "other than to frustrate CAFA," and treated the cases as one lawsuit in which the $5 million threshold was satisfied. *Id.* at 407, 409. In so holding, the court explained that CAFA does "not [] permit the splintering of lawsuits solely to avoid federal jurisdiction in the fashion done in this case." *Id.* at 408; *see also Proffitt v. Abbott Labs.*, 2008 WL 4401367, at *2-5 (E.D. Tenn. Sept. 23, 2008) (denying motion to remand where there was no plausible reason, other than avoiding CAFA, "for selecting the one-year divisions and creating eleven lawsuits to litigate one conspiracy that involves one defendant and one drug").

35.     The imperative to protect federal jurisdiction under CAFA is even greater where, as here, an MDL proceeding covering the same issues—and the same putative class members—is already underway. In *In re Kitec Plumbing Systems Products Liability Litigation*, 2010 WL 11618052, at *1-2 (N.D. Tex. Aug. 23, 2010), while an MDL involving allegedly defective HVAC pipe was proceeding in the Northern District of Texas, the residents of two small communities in Washington filed class actions in state court asserting the same claims. The cases were removed to federal court and transferred to the MDL in Texas, where the removed plaintiffs filed motions for remand on the basis that CAFA's amount-in-controversy threshold was not satisfied in their separate respective actions. *Id.* at *2, *4.

36.     The MDL court in *Kitec* ignored the artificial way the removed plaintiffs curtailed their putative classes and denied the motions to remand. *Id.* at *8. The plaintiffs had pled under the $5 million threshold by carving themselves out of a putative Washington class that was already before the *Kitec* MDL. *Id.* at *6. Because the claims of the community members who the removed plaintiffs purported to represent were already part of the larger Washington class, the court concluded that it could "pierce the pleadings in order to determine the propriety of federal jurisdiction," and look to the amount sought by the Washington class in the MDL to satisfy the amount-in-controversy requirement. *Id.*

NOTICE OF REMOVAL - 8

37.    The *Kitec* court further held that allowing the removed plaintiffs to proceed in state court would erode the judicial efficiencies created by the MDL and undermine CAFA's aim of eliminating both gamesmanship and copycat actions. *Id.* at *6-7. The court further noted that the MDL before it "implicates multistate or national interests," and that the removed actions threatened to "create duplicative, overlapping or even identical litigation to [the MDL] if they were to be remanded." *Id.* at *7.

38.    The reasoning in *Kitec* applies here with equal if not greater force. Indeed, there are at least ten putative class actions now before Judge Burroughs that encompass all of the individuals who are part of the artificially truncated class alleged in the *McClendon* complaint. *See In re: MOVEit Customer Data Security Breach Litigation*, MDL No. 3083, Dkt. No. 2 (J.P.M.L.).

39.    As in *Kitec*, this Court may look past the artificial manner in which Plaintiff has attempted to limit her putative class, because her claims "are already properly before [the MDL] Court." 2010 WL 11618052, at *6.

40.    As noted, there are overlapping claims of at least negligence, unjust enrichment, and/or violations of state law consumer protection and privacy statutes between this case and at least several of putative class actions now before Judge Burroughs. *See, e.g., Ortega et al. v. Progress Software Corporation, et al.*, (C.D. Cal. Case No. 5:23-01329) (negligence, unjust enrichment); *Pipes v. Ipswitch, Inc. et al..*, (Dist. Mass. Case No. 1:23-11394) (negligence, unjust enrichment); *Bailey v. Progress Software Corporation, et al.*, (D. Minn. Case No. 0:23-02028) (negligence, unjust enrichment, and violation of state law consumer protection and privacy acts); *George, et al. v. Progress Software Corporation, et. al*. (D. Neb. No. 8:23-cv-00568) (negligence, negligence per se, unjust enrichment).

41.    Moreover, as in *Kitec*, allowing Plaintiff to pursue her claims in a Washington state court runs counter to both CAFA and the MDL. Plaintiff is pursuing the same damages and injunctive relief arising from the same alleged events that are at issue in the MDL, and she is doing so on behalf of a small subset of the same individuals whose interests are already being adjudicated in the MDL.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

42.    Moreover, according to Defendant's records, the MOVEit incident affecting Virginia Mason Franciscan Health has impacted *thousands of individuals domiciled in states other than Washington*. This makes Plaintiff's artificial limiting of the putative class especially improper.

43.    The whole purpose of having an MDL is to enable "the resolution of mass disputes by bringing similarly situated litigants from around the country, and their lawyers, before one judge in one place at one time." Eldon E. Fallon et al., *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2340 (2008). The centralized proceedings are designed to avoid duplication of discovery, streamline key issues, prevent inconsistent rulings, and conserve the resources of the judiciary, the parties, and their counsel. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Consistency as well as economy is [] served" by single MDL court resolving common issues); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("The purpose of [a centralized MDL proceeding] is to further judicial economy and eliminate the potential for conflicting pretrial rulings.") (citing Weigel, *The Judicial Panel on Multidistrict Litigation,* 78 F.R.D. 575 (1978)). Plaintiff's artful pleading threatens to undermine all these goals.

44.    *Simon v. Marriott International, Inc*., No. 19-2879, 2019 WL 4573415 (D. Md. Sept. 20, 2019) is instructive. *Simon* examined whether class action plaintiffs could pursue a state action consisting of claims that were already included in an existing multidistrict litigation. 2019 WL 4573415, at *3. Policy considerations underlying both the CAFA and multidistrict litigation warranted "looked beyond the pleadings." *Id*. at *4. In doing so, the court found that the plaintiffs' claims were "wholly included" in two suits that were subsumed in an existing multidistrict litigation. *Id*. The plaintiffs were "attempting to represent class members already before the court in those actions." *Id*. While plaintiffs have a right to choose their forum of choice, they could not force litigation on the same claims in both state and federal court by divesting federal court of jurisdiction it had already acquired. *Id*. Allowing parallel suits to go forward would have defeated the purpose of the CAFA and "disrupt the orderly progress" of the multidistrict litigation. *Id*. Thus,

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

1  because the district court already had federal jurisdiction over the class actions claims that

2  "subsume[d]" the plaintiffs' claims, the minimal diversity requirement had been met. *Id*.

3      45.    *Sanders v. Kia Am. Inc*., No. 823CV00486JVSKESX, 2023 WL 3974966 (C.D.

4  Cal. June 13, 2023) also involved a virtually identical issue. The *Sanders* court relied on *Simon*,

5  among other decisions, in holding that minimal diversity exists over an action where the

6  multidistrict litigation putative subclass subsumed the named plaintiffs. *Id*. at *4.

7      46.    For all these reasons, the Court may look to the putative class members in the

8  various federal actions that are part of the MDL to establish minimal diversity in this case. *See,*

9  *e.g., Ortega et al. v. Progress Software Corporation, et al*., (C.D. Cal. Case No. 5:23-01329); *Pipes*

10  *v. Ipswitch, Inc. et al*.., (Dist. Mass. Case No. 1:23-11394); *Bailey v. Progress Software*

11  *Corporation, et al*., (D. Minn. Case No. 0:23-02028); *George, et al. v. Progress Software*

12  *Corporation, et. al*. (D. Neb. No. 8:23-cv-00568). Because at least one defendant and one member

13  of the putative classes in each of these matters were citizens of different states at the time of

14  removal, minimal diversity exists in this case.

15      **ii.  The CAFA Amount In Controversy Is Satisfied.**

16      47.    Plaintiff's complaint also meets CAFA's second requirement that the amount in

17  controversy exceed $5 million. *See* 28 U.S.C. § 1332(d)(2).

18      48.    Courts "generally evaluate jurisdictional facts, such as the amount in controversy,

19  on the basis of the pleadings, viewed at the time when defendant files the notice of removal."

20  *Blockbuster*, 472 F.3d at 56-57. Where, as here, the complaint fails to allege a specific damages

21  amount, courts may rely on allegations in the notice of removal. *See, e.g., Kenneth Rothschild*

22  *Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (in measuring

23  the amount in controversy, a court must assume that the allegations of the complaint are true and

24  that a jury will return a verdict for the plaintiff on all claims made in the complaint); *Rippee v.*

25  *Boston Market Corp.,* 408 F.Supp.2d 982, 986 (S.D. Cal. 2005) (the ultimate inquiry is what

26  amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually

27  owe); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (courts "look first

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

1  to the plaintiffs' complaint and then to [the defendant's] petition of removal" in determining

2  jurisdiction).

3      49.    "[A] defendant's notice of removal need include only a plausible allegation that the

4  amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. Indeed, "when

5  a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation

6  should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553-54.

7      50.    Plaintiff seeks a panoply of monetary and injunctive relief, including

8  compensatory, statutory, treble, nominal, and punitive damages; restitution and disgorgement;

9  attorneys' fees, costs and expenses; prejudgment and post-judgment interest; and any other relief

10  the "Court may deem just and proper" for a putative class of potentially millions (and admittedly

11  at least "thousands") of individuals. Ex. C, Prayer for Relief; *id.* ¶¶ 150, 161-62.

12      51.    Plaintiff's request for disgorgement and restitution alone is enough to satisfy the

13  amount-in-controversy requirement. Ex. C ¶ 150 ("Defendant should be compelled to disgorge

14  into a common fund—for the benefit of Plaintiff and Class Members—all unlawful or inequitable

15  proceeds that it received because of its misconduct."), *id.* ¶ 161 (seeking restitution). Plaintiff

16  further alleges that Defendant "provides services at 10 hospitals and nearly 300 care sites

17  throughout the Puget Sound region," "boasts more than 18,000 team members and staff and nearly

18  5,000 employed physicians." *Id.* ¶ 20.

19      52.    Plaintiff further seeks treble damages "not to exceed $25,000 per Class Member."

20  *Id.* ¶ 162. Where a statutory maximum is specified, courts may consider the maximum statutory

21  penalty available in determining whether the jurisdictional amount in controversy requirement is

22  met. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir.2000) (citing

23  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.1998); *Davenport v. Mut. Benefit*

24  *Health and Accident Ass'n,* 325 F.2d 785, 787 (9th Cir.1963)).

25      53.    Although Defendant does not concede that Plaintiff will ultimately be able to

26  establish any damages or entitlement to injunctive relief, CAFA's $5 million threshold is met based

27  on the allegations and requests for relief in her Complaint.

---

NOTICE OF REMOVAL - 12

54.    In addition, this requirement is satisfied for the same reason minimal diversity exists in this case. Because the *McClendon* class is subsumed within the putative classes already in the MDL (*see, e.g., Ortega, Pipes*, *Bailey,* and *George* putative class actions), and is structured solely to avoid CAFA jurisdiction, the Court may look to the allegations in the actions already part of the MDL to establish that the amount in controversy exceeds $5 million. *See Freeman*, 551 F.3d at 406-08; *Kitec*, 2010 WL 11618052, at *5-7.

55.    Thus, there is a reasonable probability that the amount-in-controversy element is satisfied in this case for purposes of CAFA jurisdiction, and solely for that purpose.

### iii.    Plaintiff Alleges A Putative Class Of Over 100 Proposed Members.

56.    The complaint also satisfies CAFA's numerosity requirement because there is a reasonable likelihood the putative class includes more than 100 members.

57.    Plaintiff expressly alleges that "[t]he proposed Class consists of thousands of members—far too many to join in a single action." Ex. C ¶ 80.

58.    Additionally, this requirement is satisfied for the same reason minimal diversity exists in this case. Because the *McClendon* class is subsumed within the various putative classes already in the MDL (*see, e.g., Ortega, Pipes*, *Bailey,* and *George* putative class actions), and is structured solely to avoid CAFA jurisdiction, the Court may look to the number of proposed class members in those federal actions to satisfy the numerosity requirement. *See Freeman*, 551 F.3d at 406-08; *Kitec*, 2010 WL 11618052, at *5-7.

59.    Thus, the final jurisdictional requirement under CAFA is met.

### III.  NOTICE

60.    Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of the filing of this Notice of Removal to all parties of record in this action and will file a copy of this Notice of Removal with the clerk of the state court.

### IV.  RESERVATION OF RIGHTS AND DENIAL OF LIABILITY

61.    Nothing in this Notice is intended or should be construed as an express or implied admission by Defendant of any fact alleged by the Plaintiff, of the validity or merit of any of

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

1  Plaintiff's claims and allegations, or as a limitation of any of Defendant's rights, claims, remedies
2  or defenses in connection with this action.

### V. EXHIBITS TO NOTICE OF REMOVAL

62.    Pursuant to Local Civil Rule 101(b)–(c), Defendant verifies that the following Exhibits filed herewith are true and correct copies of all records and pleadings filed in the state court proceeding to date:

a.  Case Information Cover Sheet (attached as **Exhibit A**);

b.  Order Setting Original Case Schedule (attached as **Exhibit B**);

c.  Summons (attached as **Exhibit C**);

d.  Complaint (attached as **Exhibit D**):

e.  Notice of Appearance Of James R. Morrison (attached as **Exhibit E**);

f.  Notice of Appearance Of Alexander Vitruk (attached as **Exhibit F**);

g.  Joint Motion To Stay Proceedings (attached as **Exhibit G**);

h.  Note For Judge's Motion Calendar (attached as **Exhibit H**);

i.  Declaration of Service (attached as **Exhibit I**);

j.  Order Granting Joint Motion to Stay Proceedings (attached as **Exhibit J**);

k.  Notice Of Withdrawal Of James R. Morrison (attached as **Exhibit K**);

l.  Court Docket Sheet (attached as **Exhibit L**).

### V. CONCLUSION

For the foregoing reasons, Defendant hereby removes this action to this Court. This Court has jurisdiction over this action, and it should be entered on the docket for further proceedings as though this action had originally been filed in this Court.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

1    DATED this 16th day of January, 2024.

2                                    Respectfully submitted,

3                                    **BAKER & HOSTETLER LLP**

4                                    *s/ Alexander Vitruk*
                                     Alexander Vitruk, WSBA No. 57337
5                                    999 Third Avenue, Suite 3900
                                     Seattle, WA 98104-4076
6                                    Tel: 206.332.1380
                                     Fax: 206.624.7317
7                                    Email:  avitruk@bakerlaw.com

8                                    *Attorneys for Defendant*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BAKER & HOSTETLER LLP
                                                       999 Third Avenue, Suite 3900
                                                       Seattle, WA 98104-4076
                                                       Telephone: (206) 332-1380

1

## <u>CERTIFICATE OF SERVICE</u>

2   I hereby certify that a true and correct copy of the foregoing document was served via email

3   and U.S. mail upon the following:

4   Timothy W. Emery, WSBA #34078      ☐ Via Messenger
5   Patrick B. Reddy, WSBA #34092      ☐ Via Fax
    **EMERY REDDY, PLLC**               ☒ Via U.S. Mail
6   600 Stewart Street, Suite 1100      ☐ Via ECF Notification
    Seattle, WA 98101-1269              ☒ Via Email
7   Tel: (206) 442-9106                 ☐ Via Overnight Delivery
    Fax: (206) 441-9711
8   Email: emeryt@emeryreddy.com
    reddyp@emeryreddy.com
9

10  M. Anderson Berry*                  ☐ Via Messenger
    Gregory Haroutunian*                ☐ Via Fax
11  Brandon P. Jack*                    ☒ Via U.S. Mail
    **CLAYEO C. ARNOLD**                 ☐ Via ECF Notification
12  **A PROFESSIONAL CORPORATION**       ☒ Via Email
    865 Howe Avenue                     ☐ Via Overnight Delivery
13  Sacramento, CA 95825
14  Tel: (916) 239-4778
    Fax: (916) 924-1829
15  Email: aberry@justice4you.com
    gharoutunian@justice4you.com
16  bjack@justice4you.com

17  *pro hac vice forthcoming
18  Counsel for Plaintiff and the Putative Class

19   DATED this 16th day of January, 2024 at Seattle, Washington.

20

21                              s/Pear Brown
                                Pear Brown, Legal Assistant
22                              Email: pebrown@bakerlaw.com

23

24

25

26

27

---

NOTICE OF REMOVAL - 16

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380